## United States Leasing Corporation v. K. J. Breiner, Inc.

*James A. Wimmer*, of *Philip & Wimmer*, for defendant.

*Roger N. Nanovic*, of *Nanovic & McKinley*, for additional defendant.

HEIMBACH, P. J., May 24, 1973.—We have for disposition additional defendant's rule to show cause why its joinder by writ as an additional defendant should not be stricken because of defendant's failure to serve a complaint on it within 20 days after the filing of the writ of joinder.

## DISCUSSION

Pennsylvania Rule of Civil Procedure 2252(b) mandates that a complaint be filed within 20 days from the filing of a praecipe for the writ of joinder. Defendant has failed to comply with this rule.

Rule 2254(d) provides:

"If the joinder is commenced by writ, the plaintiff or the additional defendant joined, may move for judgment of non pros in the same manner as in an action of assumpsit, for failure of a defendant to file his complaint and copies of all pleadings theretofore filed in the action, as required by Subdivision (b) hereof."

Assumpsit Rule 1037(a) provides:

"If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty (20) days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros."

We have, to help us in disposing of this matter, the opinion of Judge Wieand in Dye v. McShea, 52 D. & C. 2d 29, 34 Lehigh 184, and the comments of Anderson and Goodrich-Amram.

In the McShea case, a motion to strike the writ of joinder because of failure to serve a complaint following a joinder of an additional defendant by writ was granted. In such case, the statute of limitations, insofar as plaintiff's claim was concerned, had run. In the case at bar, the statute of limitations has not run.

Judge Wieand, in holding that a motion to strike was a proper remedy for a defendant's default in failing to file a complaint within the 20 days mandated by the rule, points out that prior to the 1969 amendment of Rule 2252(b), no time limit to file a complaint was prescribed in the rule, and Rule 2254 (d), infra, supplied such deficiency. He further pointed out, but without deciding as being unnecessary, that Rule 2254(d) by implication may have been repealed by the 1969 amendment of Rule 2252(b). He concludes that the reason for the amendment to Rule 2252(b) mandating the filing of a complaint within 20 days was to prevent the delays that formerly occurred and the interest of justice was best served by strictly enforcing the rule and granting the motion to strike.

4-A Anderson Pa. Civ. Prac. §2252.73, at page 52 (pocket parts), views the interpretation of Pa. R.C.P. 2252(b), as follows:

"While Rule 2252(b) requires that a complaint be filed against an additional defendant, the Rules do not specify any penalty for his failing to do so. Rule 2254(d) contemplates that in such case the additional defendant may seek a non pros of the defendant in the manner provided by Pa. R.C.P. No.

1037(a). There is, however, authority that in such case the additional defendant may move to strike his joinder. 76.1

"It is to be remembered that Rule 1037(c) provides that 'in all cases, the court, on motion of a party, may enter an appropriate judgment against a party upon default or admission.' As this subdivision does not exclude the entry of a non pros the phrase 'in all cases' would seem to sanction direct application to the court for an appropriate judgment upon the failure of a party to file a complaint. Whether such a motion should be labeled a motion to strike or a motion to non pros would appear to be one of those matters unrelated to substantive rights which by the mandate of Pa. R.C.P. No. 126 are to be ignored. 76.1 Dye v. McShea, 34 Lehigh L. J. 184 (1971)."

Standard Pennsylvania Practice, page 238, 1972 Supplement, page 238, views the interpretation of Rule 2252(b) in the following fashion:

"Failure to serve a copy of P's complaint with D1's complaint ignored as a ground for invalidating the joinder in Stauffer v. Sutton, 17 Dist & Co Rep (2d) 26 (1958).

"The 20 day period for filing the complaint against D2 is not the basis for a judgment of non pros against D1 if the complaint is not filed within that time. It is up to D2 to rule D1 to file the complaint, to set the stage for a non pros. Anderson v. United Gas Improv. Co. 49 Dist & Co Rep (2d) 640 (1970). Contra-Dye v. McShea, 52 Dist & Co Rep (2d) 29, 34 Leh Co LJ 184 (1971). The court held that the failure of D1 to file his complaint against D2 within 20 days entitled D2 to a dismissal of the joinder without complying with the non-pros procedure of Rule 2254(d). Although the court disclaims any intention of ruling that the amendment in 1969 of Rule 2252(b) repeals

Rule 2254(d), the opinion can have no other meaning. Such a conclusion is directly contrary to the requirement of Rule 128(b). Rule 2252(b) cannot be read except against 2254(d) which specifically provides what is to happen if Rule 2252(b) is not obeyed. This opinion should not be followed."

We find much merit in the opinion of Judge Wieand and the two recognized Pennsylvania authorities whose views we have detailed. It appears to us that the views expressed by Anderson bring about the most desirable results.

We need, however, not decide that a motion to strike a writ of joinder is or is not an available remedy under the provisions of Rule 1037(c), as suggested by Anderson, supra, or as held by Dye v. McShea, supra, as being unnecessary.

Where, as here, the statute of limitations has not run and defendant may again proceed by a writ of joinder or complaint, the proceedings may be hastened rather than delayed, and no hardship is practiced on the additional defendant, by denying its motion and relegating it to proceed under the provisions of Pa. R.C.P. 2254(d).

Wherefore, we enter the following

## ORDER

Now, May 24, 1973, additional defendant's motion to strike writ of joinder of additional defendant is denied. The court will treat such motion as a motion for judgment of non pros under the provisions of Pa. R.C.P. 2254(d), and defendant is directed to file a complaint within 20 days from the date hereof, on penalty of a non pros.